Stewart, J.
This ease is submitted to the court upon a motion to dismiss the appeal, for the reason that the cause is not appealable. This question is to be determined by an examination of the pleadings in the cause.
'The original petition was filed by certain mortgagors, who alleged their ability and willingness to pay off the mortgage given by them, but averred that the defendants J. and H. each claimed to be the owners of the notes secured by the mortgage, and asked that they might be allowed to pay the money into court and have the mortgage cancelled. The defendants answered, each claiming to be the owner of the notes, and entitled to the money due thereon, and denying the title of the other; the defendant J. pleading that the plaintiff’s notes aud a. large number of other notes and accounts were placed in the hands of II., as an attorney, for collection; that part of the claims were collected, and payments made on the others, but lie does not know7 how7 much, and has not been able to obtain from II.'any statement of the amounts so paid or the return of the notes and accounts; that II. claimed some lien on the notes for his fees. He asks that H. may be required to make a statement of his accounts and claims, of his collections and fees, and surrender the notes to him.
II. replied, denying all the charges made against him.
Upon these issues the cause was tried to the court, and a judgment rendered in favor of II., from wdiich the defendant J. appealed. “ The right of ajjpeal in all cases is fixed by stat *17 ute, and is given in those causes of which the common pleas court had original jurisdiction if the right to demand a jury therein did not exist.” Rev. Stat. §5226.
“ Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury is waived, etc.” Rev. Stat. § 5130.
There has been some confusion in the decisions as to the appealability of causes, but we think that the Supreme Court has now furnished us the test for passing upon such questions.
“ The right to a trial by jury does not depend upon the principles upon which relief is asked, but upon the nature and character of the relief sought. If the relief sought is a judgment for money only, the fact that before the adoption of our reformed system of procedure, the proper remedy would have been by a suit in equity does not affect the right of either party to a trial by jury upon any issue of fact made by the pleadings.” Gunsaulus, adm’r v. Pettitt, adm’r, 46 Ohio St. 27. And the fact that an accounting was asked for does not make the ease appealable, if a money judgment is sought and a judgment for money will satisfy plaintiff's claim. Chapman v. Lee, 45 Ohio St. 356.
Looking then at these pleadings, it is clear that these defendants, who were the litigants in ibis case, were each 'seeking a judgment for money upon these notes, and the issue to be determined was, which one was entitled thereto, and that a judgment for money would fully satisfy the claim made by each.
It is said the court below7 held that this w7as a chancery case, but this can in no way affect our judgment in the matter. We think the court was clearly wrong in so holding, but the question presented to us is not what was done below7, but whether the cause is in this court.
Although it does not appear that this action was prosecuted under the forms prescribed in the statute of interpleader, Rev. Stat. § 5016, yet w7e are unable to distinguish this case so far as the question of appeal is concerned, in principle from the *18 case of McGinnis v. Schwab, 24 Ohio St. 336, where it was held that a litigation over a fund in court between a plaintiff and a defendant, substituted under the provisions of § 5016, was an action for money only.
O. T. Clark and 8. Hambleton, for motion.

J. D. Sullivan, contra.

It follows that the motion must be sustained, and the appeal dismissed.